## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GILDA FREDERICK** | * | |
| | * | **NO. _____** |
| | * | |
| **VERSUS** | * | **SECTION _____** |
| | * | |
| **AT&T CORP, successor-in-interest** | * | **JUDGE:** |
| **to AT&T Technologies, Inc., f/k/a** | * | |
| **Western Electric Company, Inc.;** | * | **MAG. JUDGE:** |
| **K&B LOUISIANA CORPORATION,** | * | |
| **successor by merger to Katz & Besthoff,** | * | |
| **Inc.; and NOKIA OF AMERICA** | * | |
| **CORPORATION, f/k/a Alcatel-Lucent** | * | |
| **USA, Inc., f/k/a Lucent Technologies,** | * | |
| **Inc., individually and as successor-in-** | * | |
| **interest to Western Electric Company,** | * | |
| **Inc.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Named Defendant, Nokia of America Corporation (hereinafter "Nokia"), hereby gives notice and removes this action from the Civil District Court for the Parish of Orleans (Civil Action No. 2022-04517, Sec. 11, Div. "G"), State of Louisiana, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Nokia represents the following:

### INTRODUCTION AND PROCEDURAL REQUIREMENTS

1.      Nokia bases this removal on diversity jurisdiction under 28 U.S.C. §§ 1332(a), because the Plaintiff and Nokia are citizens of different states and the amount in controversy exceeds seventy-five thousand and no/100 dollars ($75,000.00), exclusive of interest and costs.

2.      The United States District Court for the Eastern District of Louisiana is the federal judicial district embracing the Civil District Court for the Parish of Orleans, State of Louisiana; therefore venue is proper in this Court under 28 U.S.C. § 98(c) and 28 U.S.C. § 1441(a).

3.      In accordance with 28 U.S.C. § 1446(a), Nokia attaches a complete state court record as of the date of this Notice of Removal, including, but not limited to, all process, pleadings, and order served upon it, as **Exhibit A**.

4.      On May 20, 2022, Plaintiff, Gilda Frederick, filed a Petition for Damages in Civil District Court for Orleans Parish, in a proceeding entitled *Gilda Frederick v. AT&T Corp., et al.,* and bearing Civil Action No. 2022-04517.[1] Plaintiff seeks damages for injuries allegedly sustained as a result of exposure to asbestos from, among other things, her employment with Western Electric Company from the early 1970s until approximately 1983.[2]

5.      Plaintiff, Gilda Frederick, is a resident citizen of the State of Louisiana.[3]

6.      In the Petition for Damages, Plaintiff names three (3) Defendants:

   A.   **AT&T CORP.** (successor in interest to AT&T Technologies, Inc., f/k/a Western Electric Company, Inc.), a New York Corporation with its principal place of business in the State of New Jersey;

   B.   **K&B LOUISIANA CORPORATION** (successor by merger to Katz & Besthoff, Inc.), a Louisiana Corporation with its principal place of business in the State of Louisiana; and

   C.   **NOKIA OF AMERICA CORPORATION** (f/k/a Alcatel-Lucent USA Inc., f/k/a Lucent Technologies, Inc., sued individually and as successor in interest to Western Electric Company, Inc., and as indemnitor to AT&T Corporation), a Delaware Corporation with its principal place of business in the State of New Jersey. [4]

7.      Of the three named Defendants, only K&B Louisiana Corporation ("K&B") is a citizen of the State of Louisiana and non-diverse to the Plaintiff.[5] Thus, this matter was not removable at the time of its initial filing.

---

1   *See* Exhibit A, pp. 1-8, Petition for Damages.
2   Exhibit A, pp. 2-3, ¶ 8.
3   *Id.* at p. 1, ¶ 2.
4   *Id.* at p. 1, ¶ 3.
5   *Id.* at p. 1, ¶ 3(B).

8.      By Order dated October 6, 2022, Plaintiff voluntarily dismissed all claims asserted against K&B, which has filed for Chapter 13 Bankruptcy.[6] As such, the citizenship of K&B, the only non-diverse defendant, is no longer relevant and has no bearing on this Court's jurisdiction.

9.      Previously, on August 23, 2022, Plaintiff voluntarily dismissed all claims asserted against named Defendant, AT&T Corp.[7]  AT&T Corp. has at all times been diverse to the Plaintiff, and as such, its citizenship has no bearing on this Court's jurisdiction.

## REMOVAL IS TIMELY

10.     This Notice of Removal is filed within 30 days of receipt of "other paper" from which this Defendant ascertained that this case is one that has become removable, per the requirements of 28 U.S.C. § 1446(b)(3). More specifically, this Removal is filed within 30 days of the dismissal of Plaintiff's claims against K&B, the only non-diverse Defendant, on October 6, 2022.[8]  Further, this Removal is filed less than one year of the commencement of this action on May 20, 2022, per 28 U.S.C. § 1446(c).

## DIVERSITY JURISDICTION IS SATISFIED

11.     A defendant may remove an action on the basis of diversity of citizenship if there is complete diversity between the named plaintiffs and all properly-joined and served defendants and no defendant is a citizen of the forum state.[9]  Complete diversity exists when "the citizenship of each plaintiff is diverse from the citizenship of each defendant."[10]

---

[6]    Exhibit A, p. 16.
[7]    Exhibit A, p. 19.
[8]    Exhibit A, p. 16.
[9]    *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005).
[10]   *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 67-68 (1996).

12.    As set forth above, Plaintiff, Gilda Frederick, is a domiciliary and citizen of the State of Louisiana. Accordingly, at the time of filing of this Notice of Removal, Plaintiff is a citizen of Louisiana for purposes of diversity jurisdiction.

13.    For diversity purposes, a corporation is a citizen of the state where it was incorporated and the state where it maintains its principal place of business.[11] For diversity purposes, a limited liability company is a citizen of the state(s) of its members.[12]

14.    As noted above, Nokia is a Delaware corporation with its principal place of business in New Jersey. As Nokia is the sole remaining defendant, complete diversity exists among the parties in accordance with 28 U.S.C. §§ 1332(a).

### THE REQUISITE AMOUNT IN CONTROVERSY IS SATISFIED

15.    While denying any liability, Nokia states that the amount in dispute clearly exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper.[13] A defendant can meet its burden if it is "facially apparent" from the face of the petition that the claims likely exceed $75,000.[14]

16.    In the Petition for Damages, Plaintiff asserts:

> This exposure to asbestos caused [Plaintiff] to contract malignant mesothelioma, an incurable and terminal cancer caused by asbestos exposure, and she has suffered and continues to suffer physically, financially, mentally and emotionally as a direct results of that condition.[15]

> [Plaintiff] requests that…there be judgment against these Defendants…in a sum sufficient to compensate [Plaintiff] for the following: (a) conscious

---

[11]   28 U.S.C. §1332(c)(l); *Lincoln Prop. Co.*, 546 U.S. at 88-89; *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841    F.2d 1254, 1258 (5th Cir. 1988).

[12]   *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014).

[13]   *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).

[14]   *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[15]   Exhibit A, p. 3, ¶ 12.

past, present and future physical pain and suffering and mental anguish; (b) physical impairment; (c) disfigurement; (d) all past, present and future medical costs and expenses; € past, present and future disability; (f) loss of enjoyment of life; and (g) all other forms of relief provided by law or equity together with interests from the date of judicial demand until paid and costs of these proceedings.[16]

17.    It is facially apparent from the Petition for Damages that Plaintiff's claims create an amount in controversy that exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs. Accordingly, the amount in controversy requirement is satisfied pursuant to 28 U.S.C. § 1332(a).

18.    In accordance with 28 U.S.C. § 1446(d), Nokia will promptly give written notice of the filing of this Notice of Removal to all parties, and will file a copy of this Notice of Removal with the Clerk for Civil District Court for the Parish of Orleans.

**WHEREFORE,** Defendant, Nokia of America Corporation, prays that the above-entitled state court action, now pending in the Civil District Court for the Parish of Orleans, State of Louisiana, be accepted as removed to the United States District Court for the Eastern District of Louisiana.

*[SIGNATURE BLOCK ON FOLLOWING PAGE]*

---

[16]    Exhibit A, pp. 6-7, ¶ 22.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

/s/ Kay B. Baxter
Kay Baxter (LSBA No. 22938)
Daphne M. Lancaster (LSBA No. 34630)
Jay R. Boltin (LSBA No. 29765)
201 St. Charles Ave., Suite 2500
New Orleans, Louisiana 70170
Telephone:  (504) 528-3088
Facsimile:  (504) 208-3670
kbaxter@grsm.com
dlancaster@grsm.com
jboltin@grsm.com

**Counsel for Nokia of America Corporation**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed the foregoing pleading with the Clerk of Court via the CM/ECF system and have provided a copy to all known counsel of record via electronic mail on this, the 12th day of October, 2022.

/s/ Kay B. Baxter